UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CRIMINAL ACTION NO. 05-08-C**

**UNITED STATES OF AMERICA,**                                        **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**RALPH HERMAN HUSBAND, JR.**                             **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This action is before the court upon the defendant's motion to dismiss counts 3, 5, and 7 of the indictment (DE 60). The United States did not respond to the motion.

**Duplicitous Indictment**

The defendant argues that the indictment is duplicitous. "An indictment is duplicitous if it joins in a single count two or more distinct and separate offenses." *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir.2002)(citation omitted). Counts 3, 5, and 7, claims Husband, state two separate offenses, each carrying a distinct sentence, and the court will not be able to decipher whether the jury found the defendant guilty of one or both of the offenses charged. The Counts at issue charge the defendant with using, carrying, and brandishing a firearm during and in relation to a crime of violence. See 18 U.S.C. § 924(c). Using and carrying a firearm carries a minimum sentence of 5 years, while brandishing a firearm carries a minimum sentence of 7 years. *Id*. The defendant argues that the jury may find him guilty without having reached a unanimous verdict on either the "using and

carrying" or "brandishing" conduct. *See United States v. Shumpert Hood*, 210 F.3d 660, 662 (6th Cir.2000). If the offenses were charged separately, the jury might convict on one and acquit on the other. *U.S. v. Bullock,* 2005 WL 820909, at *12 (6th Cir. 2005). Furthermore, as "using/carrying" and "brandishing" carry distinct maximum sentences, *United States v. Booker,* 125 S. Ct. 738 (2005), requires specific factual findings. In *Booker,* the Court found "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 746.

Each count charging a § 924 violation is related to a separate predicate offense.[1] While a defendant may be convicted of only one § 924 violation per underlying offense, in order to avoid an ambiguous verdict, the court may separate the "use and carry" conduct and the "brandishing" conduct into separate counts to submit to the jury and then merge the convictions after trial. *United States v. Sims*, 975 F.2d 1225, 1235-36 (6th Cir. 1992). Alternatively, the court could require the jury to find beyond a reasonable doubt whether Husband used or carried a firearm during and in relation to each charged crime and require a finding beyond a reasonable doubt as to whether Husband brandished a firearm during and in

---

[1] Count 3 relates to the underlying offense stated in Count 2; Count 5 relates to the underlying offense stated in Count 4; and Count 7 relates to the underlying offense stated in Count 6.

relation to each crime by special verdict or special interrogatories to alleviate the possible concerns about sentencing and the Sixth Amendment guarantee of unanimity. *Id*. Duplicitous indictments can be cured by the court's use of explicit jury instructions. *U.S. v. Davis,* 306 F.3d 398, 416 (6th Cir. 2002). Therefore, Counts 3, 5, and 7 of the indictment need not be dismissed.

**Sever Counts**

The defendant next claims that a joint trial on all seven counts of the indictment will confuse the jury and allow the jury to apply the evidence presented on one charge to all of the charges. Fed. R. Crim. Pro. 14 (a) allows the court to order separate trials of counts "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government."

There is a preference in the federal system for joint trials. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002). In light of this preference, severance will be granted only when the defendant can demonstrate that a joint trial will result in "serious risk" that "a specified trial right" would be compromised or that the jury would be prevented from making a reliable judgment. *United States v. Davis*, 177 F. 3d 552, 558 (6th Cir. 1999). To prevail on a motion for severance, a defendant must show "substantial" prejudice. *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995). When such prejudice is shown, the court has the discretion, pursuant to Fed. R. Crim. Pro. 14, to sever counts of the indictment for trial. However, even when

there is a high risk that the defendant may be prejudiced by a joint trial, the court may determine that separate trials are not necessary and that a less drastic measure, such as limiting jury instructions, will cure any potential prejudice. *Zafiro,* 506 U.S. at 539.

First, the defendant argues that the jury will be confused by the applicability of the evidence to each count. The defendant claims that because the government has an eyewitness to two of the three robberies, the jury may conclude that if the defendant committed those two robberies, he also committed the third. Next, the defendant claims that the jury will conclude that finding the defendant guilty on one count requires a finding of guilt on all counts. Finally, the defendant states that severance will not prejudice the United States because the evidence the government intends to introduce (including witnesses) is separate and distinct for each robbery. The government, having filed no response, does not dispute this claim. However, after reviewing the indictment, the court concludes that all of the counts are related and are of similar character. Furthermore, the United States has charged the defendant with conspiring with his co-defendants and the indictment lists each robbery as an overt act taken in furtherance of the conspiracy. In light of the connection between the counts of the indictment and the similarity of the acts described, severance is inappropriate. Instead, the jury will be given appropriate limiting instructions tailored to the defendant's specific concerns described above. The defendant will be invited to craft the text of those instructions. Such

instructions will be sufficient to cure potential prejudice to the defendant. *See Zafiro, supra*.  Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss Counts 3, 5, and 7 of the indictment (DE 60) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to sever counts of the indictment (DE 59) is **DENIED**.

Signed on  May 6, 2005

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**