UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 05-8-03-C**

**UNITED STATES OF AMERICA,** **PLAINTIFF,**

**V.**   **MEMORANDUM OPINION AND ORDER**

**RALPH HERMAN HUSBAND, JR.,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion of state court defendant Donald Nelson Giles's counsel, Steven R. Romines, for release of the pre-sentence reports (PSRs) of Ralph Herman Husband, Jr. and Robert Gene Turner, Jr. (R. 244). The court will deny the motion because the court is not the custodian of the pre-sentence reports for the purposes of disclosure to third parties, and no special need exists for release.

"Although a district court's inherent authority allows it to manage documents in its custody, PSRs are not such documents because they are released to the court for the limited purpose of sentencing, but are otherwise in the custody of the U.S. Probation Office, which creates the PSRs." *United States v. Green (In re Siler)*, 571 F.3d 604, 609 (6th Cir. 2009). The pre-sentence reports in this case were not filed in the record. They are materials that the government possesses, and may be obtained through the normal course of discovery, or "by filing a request under the Freedom of Information Act." *Ibid.* (citing *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)). "PSRs are not treated as public records within the

judicial system, but are handled and marked as 'confidential reports.'. . . Fed. R. Crim. P. 32(e)(2) authorizes the release of a PSR to the defendant, the defendant's attorney, the government's attorney, and the court, implying that those are the only parties with access, and courts have accordingly declined to extend access beyond these limits." *Id.* at 610 (citing *United States v. Julian*, 486 U.S. 1, 12 (1988)).

Even if the court had the authority to release the reports in this case, there is no "special need." *See Jillian*, 486 U.S. at 12. Although Romines argues that the reports – which are signed not by the defendants but by a probation officer – could be used to impeach Husband and Turner, *in camera* review reveals that there is no evidence in the pre-sentence reports of Husband or Turner favorable to Donald Nelson Giles that is material to either Giles's guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Accordingly,

**IT IS ORDERED** that the motion of state court defendant Donald Nelson Giles's counsel, Steven R. Romines, for release of the pre-sentence reports of Ralph Herman Husband, Jr. and Robert Gene Turner, Jr. is **DENIED**.

Signed on November 12, 2009

Jennifer B. Coffman, Judge
United States District Court

2