# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 05-8-03-C**

**UNITED STATES OF AMERICA,**                                             **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**RALPH HERMAN HUSBAND, JR.,**                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant Ralph Husband's *pro se* motion to set aside judgment of conviction and grant a new trial (R. 240). The court views it as a motion under 28 U.S.C. § 2255, *see* R. 249, and will provide the defendant an opportunity to withdraw the motion or amend it to include all of his claims.

The defendant's conviction arises from a guilty plea, pursuant to a plea agreement, to multiple counts stemming from a series of armed robberies. Before reaching the merits, the court must first identify the procedural basis for this *pro se* prisoner's initial, post-conviction motion. Although the defendant does not specify whether he seeks relief under 28 U.S.C. § 2255 or another rule, he requests the sort of relief available under § 2255 when he asks the court "to vacate and set-aside his judgment of conviction and sentence." R. 242. With rare exception, § 2255 provides an exclusive remedy to federal prisoners who challenge the validity of a conviction or sentence. *See* 28 U.S.C. § 2255(e); *In re Lipscomb*, 408 F.2d 1003, 1004 (6th Cir. 1969); *see also Charles v. Chandler*, 180 F.3d 753,

757-58 (6th Cir. 1999) (describing circumstances in which federal prisoners may not circumvent § 2255 because they failed to establish that the remedy afforded under § 2255 was inadequate or ineffective); *Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005) (holding that a state prisoner's motion for relief from judgment, designated as motion under Rule 60(b) of the Federal Rules of Civil Procedure, constituted a habeas petition because it advanced one or more substantive claims).

The defendant seeks to set aside the conviction because he believes that the government violated his Sixth Amendment right to counsel when it improperly reviewed documents seized from his jail cell in 2006, documents which the defendant claims are privileged. Despite a Magistrate Judge's *in camera* review of the seized documents and conclusion that no attorney-client privilege attached, the defendant maintains that the Magistrate Judge failed to review one important document which implicated the defendant in providing dishonest assistance to the government. If the government was aware of the dishonesty, and if it improperly reviewed a privileged document, then, according to the defendant, the government made an illusory promise to consider whether to file a motion for a downward departure based on substantial assistance, even though it retained sole discretion concerning whether to file such a motion. The defendant alleges these facts in terms that resemble a motion under Rule 60(b), contending that "prosecutors committed a fraud during the 'plea negotiations' . . . ." R. 242. However, he does not claim ineffective assistance of counsel. The defendant filed this *pro se* motion

two years after the date of the judgment of conviction, August 14, 2007.  The government argues that the motion should be denied because the plea agreement provides that the defendant waived his right to "'any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.'"  R. 241 (quoting paragraph 12 of the defendant's plea agreement); *see Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (enforcing a plea-agreement waiver of the right to collaterally attack a conviction).  The government asserts other substantive defenses, but does not address whether the defendant's motion satisfies statutory prerequisites to collateral relief under § 2255, including the one-year limitation period.

Observing certain precautions, a court may construe an unlabeled or mislabeled *pro se* motion, or re-characterize it as one brought under § 2255 because of the nature of the relief sought or because the motion challenges the validity of the conviction.  *See Castro v. United States*, 540 U.S. 375, 383 (2003); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  Before re-characterizing the motion, a court must notify the *pro se* litigant and warn that § 2255 restricts and often bars second or successive motions.  *See* § 2255(h); *Castro*, 540 U.S. at 383. **If a federal prisoner fails to include all of his claims in an initial § 2255 motion, he may lose any other claims if he tries to assert them later.**

The court will deny the motion without prejudice, in order to provide the defendant an opportunity to elect one or more of the following options: 1) amend

3

the motion, designated under § 2255, to assert all claims that the defendant believes that he has in his case; 2) designate an alternative procedural basis for the motion, despite the hurdles of circumventing § 2255 mentioned above; 3) affirmatively withdraw the motion; or 4) do nothing, in which case the court will deem the motion reinstated after the opportunity to amend or withdraw has expired.  Accordingly,

    **IT IS ORDERED** that the defendant's motion to set aside judgment of conviction and grant a new trial (R. 240) is **DENIED** without prejudice.

    **IT IS FURTHER ORDERED** that no later than forty-five (45) days from the date of this order, the defendant may re-file the motion in conformity with one of options described in this opinion.  If the defendant fails to re-file the motion within forty-five (45) days, or re-files the motion yet fails to cite a procedural rule or statute as a basis for relief, then the court will construe the motion as one brought under 28 U.S.C. § 2255 and deem it reinstated for consideration by United States Magistrate Judge James D. Moyer.

    Signed on  March 1, 2010

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**