UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                                                          **CRIMINAL ACTION NO. 3:05CR-8-C-1**

**RALPH HERMAN HUSBAND, JR.**
                                                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

In January 2005, the defendant, Ralph Herman Husband, Jr., was indicted by a federal grand jury. In April 2007, the defendant pleaded guilty pursuant to a plea agreement, and in August 2007, he was sentenced to a total of 184 months in prison. Two years later, the defendant filed a *pro se* motion to set aside his judgment pursuant to 28 U.S.C. § 2255,[1] arguing that the actions of the prosecutors in his case constituted a fraud on the court because he had not been contacted about the murder trial that was about to start in state court. In May 2010, his § 2255 motion was denied as time-barred.

The defendant now has filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) and (6) requesting specific performance of the plea agreement by the United States.

---

[1] His motion was entitled "Motion to Set-Aside Judgment or Conviction, And Grant a New Trial." The motion did not reference § 2255. However, the court entered an order explaining that it viewed the defendant's motion as one under § 2255. That order provided the defendant with the opportunity to withdraw it or amend it to include all of his claims or designate an alternative procedural basis for the motion. That order explained that if the defendant did nothing the court would deem the motion reinstated after the opportunity to amend or withdraw had expired. The defendant did nothing.

He argues that in the plea agreement the United States agreed to move for downward departure under U.S.S.G. § 5K1.1 if he provided substantial assistance. The defendant states that he did provide substantial assistance but that the United States, in breach of the plea agreement, has not moved for the downward departure. He attaches to that motion his affidavit, in which he avers that in 2005 he participated in a murder investigation that culminated in successful convictions.

In response, the United States argues that the defendant's motion should be denied because the defendant agreed in the plea agreement to waive his right to collaterally attack his sentence. The United States further argues that, even if he had not waived his right to collateral attack, the use of Fed. R. Civ. P. 60(b) is improper in a criminal case such as this.

In reply, the defendant counters that a Rule 60(b) motion is not equivalent to a collateral attack. He also argues that matters of contract law and plea agreements may be brought under Fed. R. Civ. P. 60(b). He further argues that he does not request the court to vacate his sentence on any substantive grounds but rather simply requests specific performance of the United States' agreement in the plea agreement.

Addressing first the appropriateness of the defendant's motion, a Fed. R. Civ. P. 60 motion has no place in a criminal action. *See United States v. Dahlman*, 61 F. App'x 253, 255 (7th Cir. 2003) ("Federal Rule of Civil Procedure 60(b) . . . does not grant the court power to revise his sentence; it permits relief from civil

2

judgments due to mistakes, inadvertence, neglect, fraud, or newly discovered evidence."). However, a Fed. R. Civ. P. 60(b) motion could be filed after the denial of a § 2255 motion. *See Whitaker v. United States*, 186 F. App'x 571, 574 (6th Cir. 2006) (per curiam). That does not seem to be what the defendant is intending here. His § 2255 motion was denied well over a year before he filed the instant motion, and he does not reference that motion or its denial. Moreover, that motion was denied purely on the ground that it was time-barred, a decision which the instant motion does not dispute at all.

What the defendant wants is relief from his sentence based on a downward departure motion which, he argues, should be filed by the United States. Thus, at its heart, the motion is a § 2255 motion. Since he already has filed a § 2255 motion, the instant one is successive. Where a movant "only raises claims that are identical to those raised in his first habeas petition or that could have been raised in that petition, [the movant's] Rule 60(b) motion [is] actually a successive habeas petition under 28 U.S.C. § 2255." *United States v. Harrison*, 55 F. App'x 193, 194 (4th Cir. 2003) (per curiam). The instant motion appears to concern the same issue as in the previous § 2255 motion and, if not, the argument raised in the instant motion certainly could have been raised in his prior § 2255 motion.

Because in essence the defendant's motion is a successive § 2255 motion, leave from the Sixth Circuit Court of Appeals is required before this court could consider such a motion. Section 2255 of title 28 of the United States Code

3

provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The defendant failed to obtain an order from the Sixth Circuit Court of Appeals authorizing this court to consider his second or successive motion prior to filing the instant action. Accordingly, the motion to vacate, set aside, or correct his sentence (DN 253) is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997).

The clerk of court is directed to send a copy of this order to the defendant, counsel of record, and the clerk of court of the Sixth Circuit Court of Appeals.

Signed on February 21, 2012

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

4